## PHILIP PLUNKETT *vs.* JOHN MOORE.

Goods seized on a domestic attachment are in legal custody for the benefit of all the creditors.

On replevin, bond should be taken in an amount sufficient to secure the return of the goods so attached, or an equivalent value.

THIS action was against the defendant, as late coroner, for default in not taking bond, or not taking *sufficient* bond, upon executing a writ of replevin. The plaintiff, Plunkett, (with one Dougherty,) had sued out a writ of domestic attachment against Lewis Hart, upon which the sheriff, Boys, seized certain goods of Hart to the value, by his appraisement, of $420. These goods were claimed by Henry Weiser, who was a trustee for Mrs. Hart; and he issued a writ of replevin, directed to coroner Moore, directing him, if Weiser made him safe in so doing, to replevy these goods from the hands of Boys, Plunkett and Dougherty, and re-deliver them to Weiser.

The first question presented was, what was the duty of the coroner, on executing this writ of replevin? The declaration averred that it was his duty to take bond with sufficient surety, in *double* the amount of the *value* of the goods, conditioned that Henry Weiser, the plaintiff in the replevin, should prosecute that suit with effect, and if the plaintiffs in the attachment should recover judgment in the

said action of replevin, that Weiser should return the property, if return thereof should be adjudged; and would pay the plaintiffs in the attachment all such sums of money as might be recovered against him in the replevin suit.

The defendant contended, that it was the coroner's duty merely to look to the amount of bail endorsed on the plaintiff's writ of attachment, and take security in the replevin to that amount, which is double the amount of the plaintiff's own demand.

*The Court* said, that, under the provisions of the attachment laws, property seized by attachment becomes liable, not merely for the demand of the attaching creditor, but for the claims of all the other creditors of the defendant who shall come in and make proof of their debts before the auditors; and, for this purpose, the property seized is directed, after judgment, to be sold by the sheriff, and the proceeds paid to the auditors for distribution. This property, therefore, though attached for Plunkett's claim, could not be released on securing the amount of that demand; but was in lawful custody for the benefit of all Lewis Hart's creditors; and the coroner was bound, before he took it out of this custody, to secure them as well as Plunkett; and to take such security from Weiser, as on the failure of his action of replevin, would secure a return of the goods to the sheriff for the benefit of Hart's creditors; or payment to him of an equivalent sum, in case return of the goods should not be awarded.

This was manifestly the coroner's duty before executing the writ of replevin. He was not bound to execute the writ until Weiser *made him safe*, and secured him against the consequences; and, as the effect of his executing the writ was to take all this property out of the sheriff's hands, where it was held for the benefit of all Hart's creditors, the obvious indemnity to the coroner, and his obligation to the defendants in replevin, was to take security in such form, and to such amount, as would restore their rights and save him harmless, in case Weiser should fail to sustain his claim on the property.

The form of security in replevin is settled by the case of Clark *vs.* Adair. (3 *Harr. Rep.* 113.) In case of *distress for rent arrear* the condition of the replevin bond is prescribed by act of assembly (*Dig.* 364,) to prosecute the suit with effect, and satisfy any judgment which shall be given against the plaintiff in replevin; and the penalty is double the value of the property: in other cases the amount and form of the security must be such as will effect the object of restoring the rights of the defendants in replevin, and save the officer; which, in this case, would be to prosecute the replevin suit with ef-

fect, and to make return of the goods, if return should be awarded, and pay any amount of damages that might be recovered against him. For though the proper judgment in such case is for a return of the goods, and damages for the taking; yet, " if *the defendant cannot have a return,* he may recover all in damages, if it be found for him," and after verdict the court will always intend that *the defendant could have no return* ; and give judgment for the damages: (*Clark* vs. *Adair,* 3 *Harr. Rep.* 116.)

The duty of the coroner, therefore, was, in this case, to take a replevin bond for this purpose; and in a sum sufficient to secure it.

Henry Weiser failed in his replevin suit against Boys, Plunkett and Dougherty. The suit was not prosecuted against Dougherty (who was not summoned;) the sheriff made conusance as a public officer, and Plunkett avowed as plaintiff in the writ of attachment. The suit resulted in a verdict and judgment for him, for. damages to the amount of $420. The replevin bond taken by the coroner, on executing the replevin, is only in the sum of $200; and this suit is brought against him for neglecting to take sufficient security.

It is objected that the claim of Philip Plunkett, being only $70, and fully covered by the security taken, he is not entitled to prosecute an action on the case against the coroner for neglect of duty, as he is not injured by that neglect. But this objection overlooks the fact that this is not Plunkett's claim. It is the demand of the creditors generally of Lewis Hart, to have the property seized restored to the condition it was in when Weiser's replevin took it out of the sheriff's hands, where it was for their benefit; and this suit, though in the name of Plunkett, is not his, but theirs. He could not in this case recover even the amount of his own claim, but must prove it before the auditors, and receive payment by their award distributing the fund. In the case of Stone *vs.* Jones it was decided by this court, that even a *payment* of the attaching creditor's debt would not arrest the proceedings, but that the same would go on for the benefit of the creditors generally, without even substituting another plaintiff.

*Whitely,* for plaintiff.

*Huffington* and *Rogers,* for defendant.